THE STATE (LYMAN HYDE, Prosecutor), vs. THE MAYOR AND COMMON COUNCIL OF NEWARK.

The city of Newark have no authority under the act of the 29th of February, 1836, *Pamph. L.* 1836, page 198, § 30, to lay out a street longitudinally over the waters and towpath of the Morris canal ; nor if they had the chart-ered power, could they do it without first making compensation.

Argued before Justices VREDENBURGH and WHELPLEY.

The opinion of the court was delivered by

VREDENBURGH, J. This *certiorari* is brought to review the proceedings of the defendants and the assessments for damages and benefits in laying out Dock street, in the city of Newark.

It was laid out in 1856, and for a considerable part of its distance, longitudinally, over the waters and towpath of the Morris canal.

The canal was chartered in 1824, and for a long time before the ordinance in question had been located upon and used over the identical land covered by the street. The defendants claim the power to lay out this street under the act of the 29th of February, 1836, *Pamph. Laws* 1836, page 198, § 30. which provides that it shall be lawful for

the common council to lay out and open any street, road or highway in any part of said city. But this certainly did not give the defendants any power to lay or open one longitudinally over the Morris canal. The legislature could not be intended to give such a power by a general act, nor unless it had therein specifically and by name included the Morris canal. The canal was itself a highway, laid out and opened by authority of the legislature long before this grant of power to the city authorities.

The power given to the city must necessarily refer to streets, roads, and highways other than those which then already existed, and only to the ordinary roads, streets and highways.

The city in this matter exceeded their authority, and their proceedings consequently are void.

Again, if the city had the chartered power to thus lay out this street, it could only be upon making compensation to the canal company. This they have not pretended to do. The prosecutors are assessed for benefits which they have never, and under these proceedings never can receive.

Let the assessment,as against the prosecutors,be set aside